# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ROBERTO HERNANDEZ and JOSEPH QUINTANAR,** Individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> **THE UNITED STATES OF AMERICA,** <br><br> *Defendant*. | Civil Action No. __19-63 C__ <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs Roberto Hernandez and Joseph Quintanar, individually and on behalf of all opt-in plaintiffs and others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") bring suit against The United States of America ("Defendant") to recover compensation, liquidated damages, and attorneys' fees and costs under Sections 206, 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA").

## I.
## OVERVIEW

1. This lawsuit to recover wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19.

2. Plaintiffs bring this collective action lawsuit individually and on behalf of other similarly-situated individuals who would have been barred from working by their employer, the Defendant United States of America, during the partial government shutdown due to a lapse in appropriations starting at 12:01 a.m., on December 22, 2018, except that they were classified as "Excepted Employees" ("Excepted Employees"). The U.S. Office of Personnel Management ("OPM") uses the term "excepted" to refer to "employees who are funded through annual

appropriations who are nonetheless excepted from the furlough because they are performing work that, by law, may continue to be performed during a lapse in appropriations." OPM Guidance for Government Furloughs, Sect. B.1. (Sept. 2015), *available at* https://www.opm.gov/policy-data-oversight/pay-leave/furlough-guidance/guidance-for-shutdown-furloughs.pdf. Such Excepted Employees "include employees who are performing emergency work involving the safety of human life or the protection of property or performing certain other types of excepted work." *Id.* These Excepted Employees were not paid for all hours worked after the commencement of the shutdown on their regularly scheduled payday ("Scheduled Payday") for pay period of December 15, 2018 through December 28, 2018 and were not paid at all for the pay period from December 29, 2018 through January 11, 2018, and may continue to work without pay into the future. As a result, Excepted Employees who are classified as non-exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), were not paid on their Scheduled Payday for all work performed after the commencement of the shutdown. Plaintiffs seek liquidated damages under the FLSA for themselves and all other FLSA non-exempt Excepted Employees in the amount of any payments to which they were entitled on the Scheduled Payday.

3. Defendant violated (and continues to violate) the FLSA by not paying Plaintiffs and Putative Class Members the applicable minimum wage and for failing to pay overtime for all hours worked in excess of forty (40) hours per workweek on their Scheduled Payday.

4. Defendant knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members at for all hours worked on their Scheduled Payday.[1]

---

[1] Defendant is (and has been) on notice that its actions are in violation of the FLSA. *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017).

5. Plaintiffs and the Putative Class Members seek to recover all unpaid wages, unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

6. Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## JURISDICTION & VENUE

7. The United States Court of Federal Claims has jurisdiction and venue over this action pursuant to 28 U.S.C. § 1491(a)(1), as this is a claim against the United States founded upon an Act of Congress and for liquidated damages not sounding in tort.

## III.
## PARTIES

8. Plaintiff Roberto Hernandez ("Hernandez") is a current employee of Defendant classified as a FLSA non-exempt employee in the US Customs and Border Protection, within the Department of Homeland Security.[2]

9. Plaintiff Joseph Quintanar ("Quintanar") is a current employee of Defendant and classified as a FLSA non-exempt employee in the US Customs and Border Protection Agency, within the Department of Homeland Security.[3]

10. The Putative Class Members are those current and former Excepted Employees who were employed by Defendant at any time during the relevant statutes of limitation through the final disposition of this matter, and who were not paid for all hours worked on their Scheduled Payday.

---

[2] The written consent of Roberto Hernandez is attached hereto as Exhibit "A."

[3] The written consent of Joseph Quintanar is attached hereto as Exhibit "B."

11. The United States ("Defendant" or "U.S.") may be served pursuant to Rule 4(a) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs ask the clerk to perfect service by delivering one copy of the complaint to the Attorney General or to an agent designated by authority of the Attorney General by hand delivery or by sending it to an electronic address designated by the Attorney General for this purpose.

12. Defendant United States is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

## IV.
## FACTS

13. Defendant has been (and continues to be) partially shut down since 12:01 a.m., December 22, 2018.

14. The partial shutdown did not affect members of the military, employees who were "exempted" from the shutdown because their positions are not funded by annually appropriated funds, such as the Postal Service and the Federal Reserve, or Presidential Appointees who are not covered by the leave system in 5 U.S.C. chapter 63.

15. Defendant designated all of its civilian employees in agencies and positions that were affected by the partial shutdown as either Excepted Employees or as Non-Excepted Employees. Excepted Employees were required to report to work and perform their normal duties, but they were not (and continue not to be) timely compensated for their work performed from Saturday, December 22, 2018 through the present time.

16. As of the time of this filing, the partial shutdown has not ended, and Plaintiffs and the Putative Class Members continue to perform work for Defendant without pay.

17. Upon information and belief, there are over 400,000 Excepted Employees who have worked (and continue to work) for Defendant without pay.

18. Defendant is obligated under the FLSA to pay for work performed on its behalf.

19. Plaintiffs are usually paid on a bi-weekly basis.

20. Plaintiffs were paid on Friday, December 28, 2018 for work performed from Saturday, December 15, 2018 through Friday, December 28, 2018.

21. Plaintiffs were not paid at all for work performed on Saturday, December 22, 2018.

22. As of this filing, Plaintiffs have continued to work for Defendant and Defendant has yet to pay Plaintiffs for the work performed on Saturday, December 22, 2018.

23. Because Excepted Employees were paid for a maximum of only six days during the second week of the pay period between December 15, 2018 through December 28, 2018, each Excepted Employee was not paid at all on the Scheduled Payday for any work performed on December 22, 2018.

24. As a result, the Excepted Employees, including the Plaintiffs, have not been timely paid for work performed on Saturday, December 22, 2018 on the date when such payment was due in violation of the FLSA.

25. Further, Plaintiffs and the Putative Class Members have not been paid at all for work performed for the pay period of December 29, 2018 through January 11, 2018.

26. Upon information and belief, Defendant conducted no analyses to determine whether its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA and can rely on no authorities indicating that its failure to pay Excepted Employees on their regularly scheduled payday complied with the FLSA.

27. This Court has found that the federal government's failure to timely pay similarly-situated plaintiffs violates the FLSA and that the government is liable for liquidated damages for committing such violations. *See Martin v. United States*, 130 Fed. Cl. 578 (Feb. 13, 2017). Additionally, guidance issued by Defendant's Department of Labor, U.S. DEP'T OF LABOR, WAGE & HOUR DIVISION, DOL FACT SHEET #70: FREQUENTLY ASKED QUESTIONS REGARDING

FURLOUGHS AND OTHER REDUCTIONS IN PAY AND HOURS WORKED ISSUES (Nov. 2009), *available at* http://www.dol.gov/whd/regs/compliance/whdfs70.pdf, indicates that under the circumstances Defendant violated the FLSA by not paying Excepted Employees on their regularly scheduled payday.

28. Defendant did not pay non-exempt employees on the Scheduled Payday for work performed in excess of forty (40) hours in a workweek.

29. Employees are not exempt from payment of overtime under the FLSA overtime exemptions unless, among other requirements, they are paid on a salary basis. An employee is not paid on a salary basis if the employer fails to pay the agreed compensation at the scheduled time, except under certain circumstances not applicable here.

30. Defendant failed to pay the Plaintiffs and Putative Class Members on the Scheduled Payday for work performed during the workweek, which is inconsistent with paying them on a salary basis.

31. Defendant has failed to pay Plaintiffs and the Putative Class Members the minimum wage for work performed for the pay period of December 29, 2018 through January 11, 2018.

32. Defendant has failed to Plaintiffs and the Putative Class Members overtime wages for work performed in excess of forty (40) hours for the pay period of December 29, 2018 through January 11, 2018.

33. Defendant's violations of the FLSA described above are willful and blatant violations of the FLSA.

34. Because of Defendant's actions, described above, the Plaintiffs and Putative Class Members have suffered monetary damages and are entitled to their wages, overtime wages and liquidated damages.

## V.
## CAUSE OF ACTION

### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

35.   All previous paragraphs are incorporated as though fully set forth herein.

36.   The FLSA Collective is defined as:

**ALL EXCEPTED EMPLOYEES THROUGHOUT THE UNITED STATES WHO WERE NOT PAID ON THEIR SCHEDULED PAYDAY FOR ALL HOURS WORKED AND WERE EMPLOYED BY DEFENDANT FROM DECEMBER 22, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

37.   At all times hereinafter mentioned, Defendant has been an employer and public agency within the meaning of the FLSA, 29 U.S.C. § 203(d), (x).

38.   Defendant uniformly failed to pay Plaintiffs and the Putative Class Members their regular wages and overtime wages on their Scheduled Payday.

39.   The amount of damages, both unpaid overtime and liquidated, can be computed for all Plaintiffs and the Putative Class Members using the same methodologies and Defendant's payroll records and employee data.

40.   Based on reports from various sources, the Putative Class size may contain over 400,000 Excepted Employees who were affected by the actions and failures of the Defendant as described above. A collective action is the most efficient means for resolution of the claims alleged.

41.   The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 36.

42.   The precise size and identity of the proposed FLSA Collective should be ascertainable from the records and/or employee or personnel records of Defendant.

**B.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

43.   All previous paragraphs are incorporated as though fully set forth herein.

44. Defendant failed to pay Plaintiffs and the Putative Class Members in accordance with the FLSA. Specifically, Defendant (a) failed to pay the federally mandated minimum wage, and (b) failed to compensate Plaintiff and the FLSA Collective Members for hours worked in excess of forty (40) hours per week at rates of at least one and hone-half times their regular rate.

45. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's actions and omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

46. Moreover, Defendant knowingly, willfully, and in reckless disregard of the law carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees minimum wage and overtime compensation. 29 U.S.C. § 255(a).

47. Defendant knew or should have known its pay practices were in violation of the FLSA.

48. Defendant's failure to pay wages for hours worked to Plaintiffs and the FLSA Collective Members was willful.

49. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) non-exempt employees who trusted Defendant to pay their wages and overtime compensation in accordance with the law.

50. The decisions and practices by Defendant to pay neither minimum wage or overtime compensation were neither reasonable nor in good faith.

51. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to their unpaid minimum wages and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.      FLSA COLLECTIVE ACTION ALLEGATIONS**

52. All previous paragraphs are incorporated as though fully set forth herein.

53. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs.

54. Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

55. The FLSA Collective Members are defined in Paragraph 36.

56. Defendant's failure to pay minimum wages or overtime compensation results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

57. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

58. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

59. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated at the minimum wage and for all hours worked in excess of forty (40) hours per workweek.

60. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are non-exempt workers entitled to the minimum wage and overtime after forty (40) hours in a week.

61. Defendant employed a substantial number of similarly situated workers since December 22, 2018. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the United States.

62. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

63. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

64. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 36 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

64. Plaintiffs respectfully pray for judgment and relief against Defendant as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 36 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to § 216(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

   f. For an Order awarding the costs and expenses of this action;

   g. For an Order awarding attorneys' fees;

   h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

Case 1:19-cv-00063-PEC   Document 1   Filed 01/15/19   Page 11 of 11

      i.      For an Order awarding the Named Plaintiffs service awards as permitted by law;

      j.      For an order compelling the accounting of the books and records of Defendant, Defendant's expense; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   January 12, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   */s/ Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorney in Charge for Plaintiffs
and the Putative Class Members**